UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER JASON HELFRICH, | Case No. 2:23-cv-00570-RFB-NJK |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

*Pro se* Petitioner Peter Jason Helfrich has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, motion for appointment of counsel, and motion for leave to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 1-2, 1-3, 1-4.) This Court grants the motion for leave to proceed IFP and conducts an initial review of the petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court orders Helfrich to show cause why his petition should not be dismissed as untimely and/or unexhausted.

I.  **BACKGROUND**[1]

Helfrich challenges a conviction and sentence imposed by the Fifth Judicial District Court for Nye County ("state court") in State v. Peter J. Helfrich, CR20-0145A. (ECF No. 1-3 at 38.) On July 28, 2021, the state court entered a judgment of conviction, pursuant to a no contest plea, of battery with the use of a deadly weapon. (Id.) Helfrich was sentenced to 24 to 72 months in prison. (Id.) A search of the Nevada state appellate courts' docket reflects that Helfrich did not seek appellate review of his judgment of conviction. On September 10, 2021, Helfrich filed a 1-page "affidavit of indigent petition for writ of habeas corpus seeking an order to correct & amend factual

---

[1] The Court takes judicial notice of the online docket records of the Nevada appellate courts. These docket records may be accessed at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

errors contained in PSI report" in his criminal case. (Id. at 25.) Because the state court did not take any action on Helfrich's petition, perhaps because it was styled as an affidavit, Helfrich petitioned the Nevada Supreme Court "for a writ of mandamus asking [the Nevada Supreme Court] to compel the district court to rule on [his] pending petition for a writ of habeas corpus" in case number 85505. The Nevada Supreme Court ordered a response and reply to the petition. Respondents filed a response on February 6, 2023, but it does not appear that Helfrich has filed a reply or that the Nevada Supreme Court has issued an order on Helfrich's writ of mandamus. In any event, it does not appear that Helfrich's petition for writ of habeas corpus has been decided by the state court. And even if the state court has recently decided Helfrich's petition, Helfrich has yet to seek appellate review of the denial.

## II.  DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Helfrich's petition appears to potentially be plagued with numerous defects.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of

conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Helfrich's conviction became final on the date in which the time for seeking direct review expired: August 27, 2021. See Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: August 28, 2021. Accordingly, the limitations period expired 365 days later on August 29, 2022. Even though Helfrich filed a 1-page "affidavit of indigent petition for writ of habeas corpus seeking an order to correct & amend factual errors contained in PSI report" on September 10, 2021 (see ECF No. 1-3 at 37), it would only toll the federal limitations period if it was "properly filed." See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). It does not appear that Helfrich's state petition was properly filed because (1) it was not on a court-approved form and is not in substantial compliance with the form as required by Nev. Rev. Stat. § 34.735, (2) it is not titled "Petition for Writ of Habeas Corpus (Postconviction)" as required by Nev. Rev. Stat. § 34.730(2), (3) it does not name the proper respondents pursuant to Nev. Rev. Stat. § 34.730(2), instead naming "State of Nevada Corporate Fictional Entity," and (4) it does not appear to have

3

been served upon the Attorney General or the Nye County District Attorney as required by Nev. Rev. Stat. § 34.730(2). (See ECF No. 1-3 at 37.) If Helfrich's state petition for a writ of habeas corpus was not properly filed, the statute of limitations for his federal petition expired on or about August 29, 2022, and the instant petition, filed on April 14, 2023, is untimely on its face.

In this regard, Helfrich is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). Helfrich ultimately has the burden of proof on this "extraordinary exclusion." Miranda, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); accord Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).

Helfrich further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2). And Helfrich is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383 (2013); House v. Bell, 547 U.S. 518 (2006); Lee v. Lampert, 653 F.3d

929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

### B. Exhaustion

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." Picard v. Connor, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

Helfrich has not alleged or demonstrated that he has fully exhausted his state court remedies. See, e.g., Arevalo v. Hennessy, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that a California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims). Indeed, Helfrich's petition for writ of mandamus to the Nevada Supreme Court, asking for the Nevada Supreme Court to

order the state court to rule on his "affidavit of indigent petition for writ of habeas corpus seeking an order to correct & amend factual errors contained in PSI report," has not been decided. As such, lacking a ruling from the Nevada Supreme Court on the petition for writ of mandamus, the state court has not considered Helfrich's ineffective assistance of counsel claims. As a matter of simple comity, this Court is not inclined to intervene prior to giving the Nevada state court and appellate courts an opportunity to redress any violation of Helfrich's constitutional rights.[2] See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

### III.     VARIOUS OTHER MOTIONS

Helfrich has also filed an affidavit of motion for leave to supplement exhibit 9 (ECF No. 3), affidavit of motion for speedy trial (ECF No. 4), ex parte affidavit for appointment of counsel (ECF No. 5), affidavit of motion to stay (ECF No. 6), affidavit of motion for leave to supplement exhibit 10 (ECF No. 7), motion for leave to file document (ECF No. 8), motion for judicial notice of affidavit (ECF No. 9), affidavit of indigent petition (ECF No. 11), affidavit of indigent petition for an extraordinary writ (ECF No. 12), affidavit of judicial notice (ECF No. 13), affidavit of motion for preliminary injunction (ECF No. 14), affidavit of motion for temporary restraining order (ECF No. 15), affidavit of emergency motion for preliminary injunction (ECF No. 16), affidavit of emergency motion for temporary restraining order (ECF No. 17), motion for preliminary injunction (ECF No. 18), motion for temporary restraining order (ECF No. 19), motion

---

[2] In his instant petition, Helfrich alleges, inter alia, that his trial counsel failed to correct factual errors in the PSI, had a conflict of interest, forced him to take a plea, did not invoke his right to a speedy trial, failed to investigate and interview witnesses, and failed to seek funds for a psychiatric evaluation. (ECF No. 1-3.)

for all transcripts (ECF No. 23), affidavit of motion for preliminary injunction (ECF No. 24), affidavit of motion for temporary restraining order (ECF No. 25), motion for production of grievance records (ECF No. 26), affidavit of motion for preliminary injunction (ECF No. 28), affidavit of motion for temporary restraining order (ECF No. 29), motion to recuse Nevada Supreme Court (ECF No. 32), motion for preliminary injunction (ECF No. 33), motion for temporary restraining order (ECF No. 34), and motion for recusal of David R. Gamble (ECF No. 35). In light of this Court's order to show cause, these motions are denied without prejudice. Helfrich may renew these motions later as applicable. However, notably, many of the issues raised in these motions do not appear to be properly brought in a 28 U.S.C. § 2254 action for a writ of habeas corpus; rather, some of the issues—like not being provided adequate outdoor exercise time or brass slips by the law librarian—appear to be issues that lie in a civil-rights action under 42 U.S.C. § 1983.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that Petitioner Peter Jason Helfrich's motion for leave to proceed in forma pauperis (ECF No. 1) is granted.

IT IS FURTHER ORDERED that Helfrich **show cause within 45 days** of the date of this order why this action should not be dismissed as untimely and/or wholly unexhausted. If Helfrich does not timely respond to this order, the petition will be dismissed without further advance notice. If Helfrich responds but fails to show with specific, detailed, and competent evidence why the petition should not be dismissed, the action will be dismissed.

IT IS FURTHER ORDERED that all assertions of fact made by Helfrich in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not

specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by Helfrich in the federal record. Helfrich must attach copies of all materials upon which he bases his argument that the petition should not be dismissed. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that Helfrich's motion for appointment of counsel (ECF No. 1-2) is deferred until Helfrich complies with this order.

IT IS FURTHER ORDERED that Helfrich's other pending motions (ECF Nos. 3, 4, 5, 6, 7, 8, 9, 14, 15, 16, 17, 18, 19, 23, 24, 25, 26, 28, 29, 32, 33, 34, 35) are denied without prejudice.

DATED THIS 20th day of June 2023.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT